**Stephanie HOWELL, et al Plaintiff**

v.

**TOWN OF LEYDEN, et al Defendant**

**No. CIV.A. 02–30135–MAP.**

United States District Court,
D. Massachusetts.

Sept. 2, 2004.

Kevin Chrisanthopoulos, Hassett & Donnelly, P.C., Worcester, MA, for Town of Leyden, Daniel Galvis, Jay Rice, Defendants.

Gerard T. Donnelly, Hassett & Donnelly, P.C., Worcester, MA, Lawrence G. Young, Northampton, MA, for Stephanie Howell, William Howell, Plaintiffs.

*MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 17)*

PONSOR, District Judge.

## I. INTRODUCTION

Stephanie and William Howell have brought this action against the Town of Leyden and its Chief of Police, Daniel Galvis, alleging civil rights violations and various intentional torts. A month before filing this suit, the Howells filed a bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida. In that petition, the Howells did not list this action among their assets; ultimately, the Howells received their discharge without ever disclosing this claim. Based on this omission, the defendants have moved for summary judgment on the grounds that judicial estoppel precludes the Howells' suit. For the reasons set forth below, the court will allow defendants' motion.

## II. FACTUAL BACKGROUND

Summary judgment is appropriate where the record reveals no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In addressing defendants' motion here, the court will view the facts in the light most favorable to the non-moving party, "indulging all reasonable inferences in that party's favor." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 94 (1st Cir.2001).

The Howells allege that Police Chief Galvis, in his official capacity, engaged in a pattern of egregious conduct, including harassment, intimidation, and threats, toward the Howells and their family from September 1999 until at least March 2000. Moreover, Stephanie Howell alleges certain intentional torts, including an incident during which she was sexually assaulted by another officer employed by the town of Leyden.

On April 5, 2000, the Howells sent a formal demand letter, as required by Mass. Gen. Laws ch. 258, to the defendants, describing the facts underlying this suit and making a claim for $100,000 each for Stephanie and William Howell.

Upon moving to Florida in March of 2001, the Howells retained an attorney in order to pursue a bankruptcy petition. The Florida attorney sent the Howells a questionnaire that requested information about their financial situation. The Howells never met with their attorney to review the answers they provided in the questionnaire. Nevertheless, the attorney used the questionnaire answers in preparing the filings for the Howells' bankruptcy petition, including the "Statement of Financial Affairs" and "Schedule B, Personal Property."[1] The Howells received via mail the completed forms, along with a letter from the attorney requesting that the Howells review the paperwork. Again, the Florida attorney never provided the Howells with an explanation of the forms. The bankruptcy petition was filed on July 19, 2002.

The Statement of Financial Affairs asked the petitioner to list any "suits and administrative proceedings to which the debtor is or was a party within one year

---

1. Docket No. 17, App. E & F.

immediately preceding the filing of this bankruptcy case." (Docket No. 17, App. E at 2.) The Howells answered "none" to this question. Schedule B asked the petitioner to identify "contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor, and rights to setoff claims." Again, the Howells answered "none" to this question. The Howells have submitted an affidavit to the effect that they did not understand these questions to seek information about their claims against the defendants; they believed the questions referred to tax and other debt matters.[2]

On August 2, 2002, the plaintiffs filed this lawsuit. On October 30, 2002, the Howells amended their bankruptcy petition to incorporate more creditors into the petition but failed to mention the substantial pending claim for this alleged civil rights violation.

At some point, the Howells met with the trustee of their bankruptcy action in Florida. Their attorney did not appear in person for this meeting, though he was in the building. While the Howells do not recall specifically if the trustee asked them whether they had any personal injury claims or insurance claims, the Howells testified (via affidavit) that they would not understand this question to include their civil rights and tort claims against the defendants.[3]

As noted above, the defendants have moved for summary judgment under the doctrine of judicial estoppel, arguing that because the plaintiffs failed to disclose to the bankruptcy court the claims that underlie this suit, they should be estopped from asserting those claims.

2.  Docket No. 19, App. A.

3.  Docket No. 26.

## III.  *DISCUSSION*

■   The doctrine of judicial estoppel is an equitable doctrine that prevents a party from asserting a position in one legal proceeding that is clearly contrary to the position asserted in another, earlier legal proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). It is a "judge-made doctrine designed to prevent a party who plays 'fast and loose with the courts' from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits." *Casas Office Machines, Inc. v. Mita Copystar America, Inc., et al,* 42 F.3d 668, 676 (1st Cir.1994).

■   Though the First Circuit has described the requirements for the application of judicial estoppel as "hazy," "rather vague," and fact-specific, it has held that at least two conditions must be met. *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.,* 374 F.3d 23, 33 (1st Cir.2004); *Patriot Cinemas Inc. v. Gen. Cinema Corp.,* 834 F.2d 208, 212 (1st Cir.1987). First, the legal or factual assertion advanced in the earlier judicial proceeding must be "directly inconsistent" with the assertion made in the current forum. *Alternative Sys. Concepts,* 374 F.3d at 33 (stating that the positions must be "mutually exclusive"); *Gens v. Resolution Trust Corp.,* 112 F.3d 569, 572 (1st Cir.1997) (stating that the positions must be "at odds" with one another). Second, the court must have accepted or adopted the assertion made at the earlier proceeding. *Alternative Sys. Concepts,* 374 F.3d at 33. If these two elements are present, then the potential exists that the integrity of the judicial process will be endangered by inconsistent determinations applying to the court by the party asserting the contrary positions.[4]

4.  In *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), the Supreme Court listed these two conditions as "factors" for a court to consider. The

*Id.*

■ "[H]arm to an opponent is not an invariable prerequisite to judicial estoppel." *Patriot Cinemas*, 834 F.2d at 214. The purpose of the doctrine of judicial estoppel is to prevent the abuse of judicial proceedings, even if the application of the doctrine results in a windfall for the opposing party. *Payless Wholesale Distrib. v. Alberto Culver Inc.*, 989 F.2d 570, 571 (1st Cir.1993). The First Circuit has acknowledged that other "courts have recognized a good faith exception to the operation of judicial estoppel." *Alternative Sys. Concepts*, 374 F.3d at 35. However, this exception applies in limited circumstances, such as where "the new, inconsistent position is the product of information neither known nor readily available to [the party] at the time the initial position was taken." *Id.*

■ The prerequisites of judicial estoppel are clearly met on these facts: first, the Howells represented to the Florida bankruptcy court that they had *no* claims among their assets—a position contrary to their assertion before this court that they have multiple claims against the defendants—and second, the bankruptcy court accepted the Howells' representation in resolving their bankruptcy petition and depriving their creditors of access to this substantial potential asset. Were the court to allow the Howells to proceed with this lawsuit, the integrity of the judicial process would be endangered.[5]

The First Circuit's decision in *Payless Wholesale Distributors, Inc. v. Alberto Culver*, 989 F.2d 570 (1st Cir.1993), supports this court's conclusion. In *Payless*, the court affirmed the dismissal of the plaintiff's suit where the plaintiff had previously filed for bankruptcy without listing the action among its assets. The court found that the plaintiff, "having obtained judicial relief on the representation that no claims existed, [could not then] resurrect them and obtain relief on the opposite

---

Court also noted a third factor: whether the party asserting the inconsistent position would derive an unfair advantage, or whether the opposing party would be subject to an unfair detriment, were the court not to apply judicial estoppel. The First Circuit considers this third factor to be simply a reformulation of the second factor: a court's acceptance of the earlier, inconsistent position. *Alternative Sys. Concepts*, 374 F.3d at 33.

5. At least one district court has concluded that deliberate dishonesty is necessary in order for a court to apply the doctrine of judicial estoppel. *UNUM Corp. v. United States*, 886 F.Supp. 150, 158 (D.Me.1995). However, the more persuasive authority appears to hold that, even where the facts do not support a finding of outright, intentional fraud, the existence of serious prejudice to the judicial proceedings will be sufficient to warrant the application of judicial estoppel. *See Desjardins v. Van Buren Cmty. Hosp.*, 37 F.3d 21, 23 (1st Cir.1994) (explaining that the facts did not support the application of judicial estoppel where there was *neither* an "indication of deliberate dishonesty" *nor* a showing of "serious prejudice to judicial proceedings or the position of the opposing party").

In addition, *Brooks v. Beatty, et al*, 25 F.3d 1037, 1994 WL 224160, an unpublished First Circuit decision, cited by the plaintiffs, is distinguishable from the facts before this court. In reversing the district court's application of judicial estoppel where the plaintiff had not listed the action as among her assets in her earlier bankruptcy petition, the court found that the plaintiff had established "a genuine issue of material fact concerning her *bona fides.*" *Id.* at *3. However, in *Brooks*, unlike this case, the plaintiff had relied twice on the advice of her bankruptcy counsel that the action did not have to be listed among her assets in her bankruptcy petition. There is no evidence here that the plaintiffs ever brought to the attention of their counsel, the bankruptcy trustee, or the bankruptcy court the existence of this action. Indeed, by their own action, plaintiffs failed to disclose a substantial, recently-asserted claim.

**252**

basis." *Id.* at 571. Because the Howells declared under the pains and penalties of perjury that the information in their bankruptcy petition was true and correct and represented that they were party to no suit and had no claims among their assets, they are estopped from asserting the contrary position—that they have claims against the defendants—before this court.

## IV. *CONCLUSION*

It gives the court no pleasure to dismiss a case involving allegations of such gross violations of the plaintiffs' civil rights and bodily integrity. However, the court is constrained to protect the integrity of the judicial process where permitting the plaintiffs to pursue their action would result in inconsistent determinations based on the plaintiffs' deliberate adoption of opposing legal positions. Accordingly, the defendants' Motion for Summary Judgment is hereby ALLOWED. This case can now be closed.

It is So Ordered.